**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BILLY GOAT IP LLC, | |
| Plaintiff, | Case No.  1:17-CV-09154 |
| v. | Judge Robert M. Dow, Jr. |
| THE BILLY GOAT CHIP COMPANY LLC, | Magistrate Judge M. David Weisman |
| Defendant. | |
| THE BILLY GOAT CHIP COMPANY LLC, | |
| Counter-Plaintiff, | |
| v. | |
| BILLY GOAT IP LLC, | |
| Counter-Defendant. | |

**DEFENDANT/COUNTER-PLAINTIFF THE BILLY GOAT CHIP COMPANY LLC'S
<u>FIRST AMENDED ANSWER AND COUNTERCLAIM</u>**

Defendant/Counter-Plaintiff The Billy Goat Chip Company, LLC ("Defendant" or "Billy Goat Chip Co."), for its First Amended Answer ("Answer") to Plaintiff's Complaint for Injunctive Relief alleges and states as follows:

<u>**GENERAL DENIAL**</u>

Defendant generally denies all allegations in the Complaint that are not expressly and specifically admitted below.  Defendant further denies any and all allegations that may be implied or inferred from the headings, pictures, and/or images used in the Complaint.

## INTRODUCTION

1.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.  As to Plaintiff's allegations generally of fame or distinctiveness of its marks, Defendant notes that numerous other businesses (including food service businesses) use "Billy Goat" in their name.  *See e.g.,* Billy Goat Coffee Café (TM Reg. 3,380,184, 3,380,185); Beer Like a Billy Goat (http://www.zerogravitybeer.com/beer-like-a-billy-goat/), Billy Goat Hill Estate for wine (TM Reg. 3,195,405), and many others.

2.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

3.     Defendant admits that Plaintiff's action is seeking injunctive relief, but Defendant otherwise denies all remaining allegations in this paragraph.

## PARTIES

4.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

5.     Admitted.

## JURISDICTION AND VENUE

6.     Defendant admits that the Complaint alleges claims that purport to arise under the Lanham Act, 15 U.S.C. §§ 1114 and 1125.  Defendant further admits that the Court has original subject matter jurisdiction over such claims and admits that the Court has supplemental jurisdiction over the state law claims alleged in the Complaint.  Defendant denies all remaining allegations in this paragraph.

7.     Defendant admits that it sells its potato chip products, as well as other products, throughout the United States, including Illinois, such that the Court may exercise personal jurisdiction over the Defendant.  Defendant denies all remaining allegations in this paragraph.

8.     Defendant admits that venue is proper in this District.  Defendant denies all remaining allegations in this paragraph.

## FACTUAL BACKGROUND

### I.     History of the Iconic Billy Goat Tavern & Plaintiff's Trademark Rights.

9.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

15.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

16.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

18.     Defendant admits that Exhibit 1 attached to the Complaint appears to be a copy of Trademark Registration No. 1,197,507 for the service mark BILLY GOAT for Tavern and Restaurant Services.   Defendant denies all remaining allegations in this paragraph, including the characterizations of the trademark registration in this paragraph or any inferences of its validity. Defendant refers the Court to Trademark Registration No. 1,197,507 for a complete and accurate statement of its contents.

19.     Defendant admits that Exhibit 2 attached to the Complaint appears to be a trademark assignment pertaining to Trademark Registration No. 1,197,507.  Defendant denies all remaining allegations in this paragraph, including the characterizations of the assignment in this paragraph or any inferences of its validity.   Defendant refers the Court to the Trademark Assignment for a complete and accurate statement of its contents.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

## II.     Defendant's History and its Infringing Conduct.

22.     Admitted.

23.     Defendant admits that it is the owner of the federally registered trademark THE BILLY GOAT CHIP COMPANY (Registration No. 3,766,997), which claims a date of first use of February 15, 2009.  Defendant denies all remaining allegations in this paragraph and all

characterizations of Defendant's trademark. Defendant refers the Court to Trademark Registration No. 3,766,997 for a complete and accurate statement of its contents.

24.     Denied.

25.     Defendant admits that it sells its potato chip products, as well as other products, in over 370 retail locations throughout the United States. Defendant further admits that it sells its potato chip products at various locations in the Chicago, Illinois area. *See* Declaration of Brian Roth attached hereto as Exhibit A and incorporated herein by reference. Defendant denies its sales in Chicago are "recent" and further denies all remaining allegations in this paragraph.

26.     Defendant admits that its potato chip products are sold at a retail location at 543 N. Wabash Ave., Chicago, IL 60611. Defendant denies all remaining allegations in this paragraph.

27.     Defendant admits that its potato chip products are sold at a retail location at 475 H St. NW, Washington, DC 20001. Defendant denies all remaining allegations in this paragraph.

28.     Admitted.

29.     Defendant admits that it never sought Plaintiff's consent or permission to use the trademark THE BILLY GOAT CHIP COMPANY as part of Defendant's business. Defendant denies the implication and/or characterization that such consent, permission, or approval was necessary, and otherwise denies all remaining allegations in this paragraph.

**III.     Continued Increase in Actual Confusion and Plaintiff's Unsuccessful Efforts to Stop Defendant's Infringing Conduct.**

30.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

5

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

32.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

33.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

34.     Defendant admits that the following interactions occurred between Defendant and Plaintiff:

      a.   In September 2014, Defendant received a letter from Niro, Haller & Niro purporting to represent Plaintiff and claiming to have sent an earlier letter in August 2014.

      b.   Defendant responded requesting a copy of the missing August 2014 letter which the Niro firm forwarded in October 2014.

      c.   In November 2014, Defendant responded through counsel pointing out that (i) there is no possibility of confusion between Defendant's business and Plaintiff's, (ii) Defendant's business, as numerous publications point out, is named after its hometown roots in the Billy Goat Hill area of St. Louis, and (iii) Defendant's logo and marketing in fact emphasizes "St. Louis, Missouri" in its design and marketing. A copy of such communication is attached hereto as Exhibit B.

      d.   Defendant further pointed out that additionally, then as now, numerous other businesses were and are using "Billy Goat;" including numerous

other food service establishments like the Billy Goat Coffee Café, Billy Goat Hill Estate, and others.

e.  In March, 2015 Plaintiff's new law firm wrote to Defendant saying very little other than that it was "disappointed" but failed to address any points raised in the November 2014 letter.  A copy of such communication is attached hereto as Exhibit C.  In fact, it was unclear if Plaintiff's counsel had ever received Defendant's responsive letter so Defendant's counsel forwarded it the same day.  A copy of such communication is attached hereto as Exhibit D.  Plaintiff again wrote back requesting a "middle ground."  A copy of such communication is attached hereto as Exhibit E.

f.  In July, 2015, Defendant again wrote to Plaintiff proposing a resolution: Defendant would continue to, in marketing and branding its potato chips within the state of Illinois, designate that the origin of the goods is from "Saint Louis, Missouri" for a period of 3 years.  A copy of such communication is attached hereto as Exhibit F.  Yet despite all Plaintiff's entreaties for a "middle ground," and its false claims in this lawsuit (see Complaint, ¶34), it never responded to this proposal.

g.  Plaintiff switched law firms again, and on September 18, 2015 counsel for Billy Goat Chip Co. forwarded all correspondence between the parties to Plaintiff's new attorneys at the Thompson Coburn firm.  Still, there was no response to Defendant's proposal until this lawsuit was filed over two years later.

Defendant denies all remaining allegations of paragraph 34 of the Complaint.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

## COUNT I
## TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

40.     Defendant realleges and incorporates by reference its answers and objections to all previous paragraphs.

41.     The allegations in this paragraph constitute statements of law to which no response is required.  To the extent a response is required, Defendant admits that this paragraph generally and selectively references portions of the Lanham Act.  Defendant asserts that the statutory language speaks for itself and denies all remaining allegations in this paragraph, including all characterizations of the referenced statute.

42.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

## COUNT II
## UNFAIR COMPETITION - 15 U.S.C. § 1125

47.     Defendant realleges and incorporates by reference its answers and objections to all previous paragraphs.

48.     The allegations in this paragraph constitute statements of law to which no response is required.  To the extent a response is required, Defendant admits that this paragraph generally and selectively references portions of the Lanham Act.  Defendant asserts that the statutory language speaks for itself and denies all remaining allegations in this paragraph, including all characterizations of the referenced statute.

49.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

## COUNT III
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICE ACT - 815 ILCS 510

54.     Defendant realleges and incorporates by reference its answers and objections to all previous paragraphs.

55.     The allegations in this paragraph constitute statements of law to which no response is required.  To the extent a response is required, Defendant admits that this paragraph selectively quotes a portion of the referenced statute.  Defendant asserts that the statutory language speaks for itself and denies all remaining allegations in this paragraph, including all characterizations of the referenced statute.

56.     Denied.

57.     Denied.

58.     Denied.

**COUNT IV**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

59.    Defendant realleges and incorporates by reference its answers and objections to all previous paragraphs.

60.    The allegations in this paragraph constitute statements of law to which no response is required.  To the extent a response is required, Defendant admits that this paragraph selectively quotes a portion of the referenced statute.  Defendant asserts that the statutory language speaks for itself and denies all remaining allegations in this paragraph, including all characterizations of the referenced statute.

61.    Denied.

62.    Denied.

63.    Denied.

**COUNT V**
**COMMON LAW TRADEMARK INFRINGEMENT**

64.    Defendant realleges and incorporates by reference its answers and objections to all previous paragraphs.

65.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and on that basis denies them.

66.    Denied.

67.    Denied.

68.    Denied.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief, either as prayed for in the Complaint or otherwise.  Defendant also requests judgment that this case is exceptional and

requests an award of its costs and attorneys' fees as the prevailing party pursuant to 15 U.S.C. § 1117(a).

## AFFIRMATIVE DEFENSES

In addition or in conjunction with the defenses set forth in the foregoing Answers, Defendant Billy Goat Chip Company, LLC asserts the following as separate and distinct affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The Complaint may be barred in whole or in part for failure to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Fair Use)**

The Complaint may be barred in whole or in part by the doctrines of descriptive fair use and/or nominative fair use.

### THIRD AFFIRMATIVE DEFENSE
**(Laches)**

The Complaint may be barred in whole or in part by the equitable defense of laches.

### FOURTH AFFIRMATIVE DEFENSE
**(Estoppel)**

The Complaint may be barred in whole or in part by the equitable defense of estoppel.

### FIFTH AFFIRMATIVE DEFENSE
**(Waiver)**

The Complaint may be barred in whole or in part by the equitable defense of waiver.

### SIXTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

The Complaint may be barred in whole or in part by the equitable defense of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
**(Acquiescence)**

The Complaint may be barred in whole or in part by the equitable doctrine of acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

The Complaint may be barred in whole or in part by the relevant and applicable statute of limitations for each claim asserted.

### NINTH AFFIRMATIVE DEFENSE
**(Trademark Misuse)**

The Complaint may be barred in whole or in part by the doctrine of trademark misuse, including, but not limited to, Plaintiff's misuse of a trademark registration symbol.

### TENTH AFFIRMATIVE DEFENSE
**(Trademark Invalidity/Unforceability)**

The Complaint may be barred in whole or in part pursuant to 15 U.S.C. §1064(3) and/or 15 U.S.C. §1115(b) because Plaintiff's mark is invalid or otherwise unenforceable and/or cancellable under 15 U.S.C. §1119.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Noninfringement)**

The Complaint may be barred in whole or in part due to Plaintiff's inability to prove infringement of the mark, *i.e.*, there is no likelihood of confusion between Plaintiff's mark and Defendant's The Billy Goat Chip Company mark.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant reserves the right to raise additional affirmative defenses that may be identified through discovery in this case.

## COUNTERCLAIM

Defendant/Counter-Plaintiff The Billy Goat Chip Company, LLC ("Defendant" or "Billy Goat Chip Co.") for its Counterclaim against Plaintiff/Counter-Defendant Billy Goat IP LLC ("Plaintiff" or "Billy Goat IP"), state as follows:

## PARTIES

1.      Defendant/Counter-Plaintiff is a Missouri limited liability company with its principle place of business located at 3136 Watson Road, St. Louis, Missouri 63139.

2.      Upon information and belief, and based upon the allegations in the Complaint, Plaintiff/Counter-Defendant is a Delaware limited liability company with its principle place of business located at 1535 West Madison Street, Chicago, Illinois 60611.

## JURISDICTION AND VENUE

3.      The Court has original subject matter jurisdiction over Count I of the Counterclaim under 28 U.S.C. §§ 1331 and 1338 because the claims arise out of the Lanham Act under 15 U.S.C. 1125.

4.      The Court has supplemental subject-matter jurisdiction over the remaining counts of the Counterclaim under 28 U.S.C. § 1367(a).

5. The Court has personal jurisdiction over Plaintiff because it has subjected itself to the jurisdiction of the Court by commencing the above-captioned case in this District, because Plaintiff resides and conducts business in this District, and because the transactions and occurrences described in the Counterclaim, including Plaintiff's actions giving rise to liability, occurred in Illinois and in this District.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL BACKGROUND

**A. The Billy Goat Chip Company LLC and its presence in the Chicago market.**

7. Billy Goat Chip Co.'s flagship potato chip was originally created 15 years ago to serve as a house-made side with sandwiches at The Billy Goat Restaurant & Bar, which is a gastro pub located in an area of St. Louis known as Billy Goat Hill. The restaurant was sold in 2008. *See* Declaration of Brian Roth attached hereto as Exhibit A and incorporated herein by reference.

8. In 2009, based upon the popularity of the restaurant's house-made chips, the former restaurant owners formed The Billy Goat Chip Company LLC to focus exclusively on producing artisan-made gourmet potato chips to be distributed at various retail locations.

9. Since 2009, Billy Goat Chip Co. has sold and distributed its potato chip products at restaurants, entertainment venues, schools, fundraising events, supermarkets, small grocers and gourmet food stores, as well as online. The below images depict Billy Goat Chip Co.'s potato chip products:







10.     Almost immediately after the company was created, Billy Goat Chip Co. began

selling its potato chip products across the country, including in the Illinois and Chicago markets.

Indeed, products displaying the Billy Goat Chip Co. name and logo have been sold in Illinois

since at least 2010 and in the Chicago market since at least 2011.

11.     Based on little more than word of mouth, Billy Goat Chip Co.'s potato chip

products quickly spread throughout the Chicago market.   The products have been sold in

15

supermarkets, small grocers, and gourmet food stores such as (a) Whole Foods locations in Lincoln Park, Sauganash, Naperville, Northbrook, Halsted, and South Loop since at least 2013; (b) Binny's Beverage Depot locations in the West Loop, Lincoln Park, Lakeview, and Gold Coast since at least 2014; and (c) the City Fresh Market location near Ogilvie Transportation Center since at least 2014.

12.     Nationwide sales have been extensive as well, including Atlanta since 2012, Colorado since 2012, Idaho since 2011, and others.

13.     In addition, Billy Goat Chip Co. sells its potato chip products, as well as other products, in supermarkets, small grocers, and gourmet food stores in over 370 retail locations throughout the United States.

14.     Therefore, Billy Goat Chip Co. was the first to use the "Billy Goat" mark in connection with packaged retail food/beverage products, and is the senior user of the mark in such capacity.

15.     Billy Goat Chip Co.'s use of the "Billy Goat" mark in connection with packaged retail food/beverage products pre-dates, by over eight (8) years, any such use by Billy Goat IP or The Billy Goat Tavern.

**B.     Billy Goat Tavern's recent expansion beyond tavern & restaurant services.**

16.     As detailed in the Complaint, United States Trademark Registration No. 1,197,507 for the BILLY GOAT Mark is limited to use in connection with "tavern and restaurant services" in Class 42.

17.     Upon information and belief, in April 2017, Billy Goat IP began selling, and authorizing third parties to sell on its behalf, certain packaged retail food/beverage products

16

branded with the "Billy Goat" mark, as well as various other logos, indicia and marks associated with the Billy Goat Tavern (collectively, the "Billy Goat Tavern Marks").

18. Upon information and belief, since April 2017 Billy Goat IP has sold and distributed, and has authorized third parties to sell and distribute, frozen hamburger products bearing the Billy Goat Tavern Marks, including at Jewel-Osco stores in Chicago, and the Chicago metropolitan area.

19. As Billy Goat IP readily admits and demonstrates in the Complaint, it uses the "®" symbol with the Billy Goat Tavern Marks in the marketing and on the packaging of these frozen hamburger products, as depicted below (and in paragraph 17 of the Complaint):



20. Upon information and belief, since November 2017 Billy Goat IP has sold and distributed, and has authorized third parties to sell and distribute, beer products (including Billy Goat IPA and Billy Goat Pilsner) bearing the Billy Goat Tavern Marks, including at Jewel-Osco stores in Chicago, and the Chicago metropolitan area.

21. As Billy Goat IP readily admits and demonstrates in the Complaint, it also uses the "®" symbol with the Billy Goat Tavern Marks in the marketing and on the packaging of these beer products, as depicted below (and in paragraph 17 of the Complaint):

17



22.     Prior to 2017, Billy Goat IP never used the "Billy Goat" moniker, or any of the Billy Goat Tavern Marks, in connection with packaged retail food/beverage products.

23.     Upon information and belief, Billy Goat IP does not make, manufacture, or otherwise create either the frozen hamburger products or the beer products which bear the Billy Goat Tavern Marks.

24.     To compensate for its tardiness in entering the retail food/beverage products market, Billy Goat IP has undertaken a campaign of deceptive trade practices, false advertising, misusing trademarks, misusing registration symbols, and misusing the Billy Goat Tavern Marks as described herein, in an effort to improperly injure and damage Billy Goat Chip Co.

<u>COUNT I</u>
**(False Advertising under the Lanham Act – 15 U.S.C. § 1125(a)(1))**

25.     Defendant realleges and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

26.     In connection with the sale and offer for sale of its frozen hamburger and beer products, Billy Goat IP has made and continues to make false designations of origin, false or

18

misleading descriptions of fact, and/or false or misleading representations of fact that are likely to cause confusion, mistake, or deceive customers as to the origins of the products and that are falsely representing the nature, characteristics, and quality of those products.

27.     In addition to the "Billy Goat" moniker, Billy Goat IP also uses the Billy Goat Tavern Marks, including the Billy Goat Tavern & Grill logo, along with its "World Famous" tagline, on the marketing materials and packaging for its frozen hamburger and beer products.

28.     Among other things, the above described branding implies, creates and is intended to imply and create the impression that these products originate from, were developed by, or were and are being created by the Billy Goat Tavern & Grill and have been for many years.

29.     Such words, symbols, designations, and statements, however, are false and likely to cause confusion among customers as to the origins of Plaintiff's products.

30.     Moreover, the above described branding misrepresents the nature, characteristics, and other qualities of Billy Goat IP's products.

31.     Similarly, Billy Goat IP has made and continues to make false or misleading descriptions and representations of fact by falsely stating, suggesting, representing, and implying that the goods sold by Plaintiff are the subject of and protected by a federally registered trademark when they are not.

32.     The trademark registration for BILLY GOAT attached as Exhibit 1 to the Complaint is limited to use in connection with "tavern and restaurant services" in Class 42, yet Billy Goat IP has in the past, and continues to affix the "®" symbol to its frozen hamburger and beer products that are offered for sale at supermarket and grocery locations.

33.     Given that use of a "®" symbol makes an affirmative statement to consumers that the United States Patent and Trademark Office has formally registered the mark it is affixed to, Billy Goat IP's use the "®" symbol, and its use of the other Billy Goat Tavern Marks, in the marketing and on the packaging of its frozen hamburger and beer products falsely and misleadingly suggests that Plaintiff is in possession of a federally registered trademark for those particular products when, in fact, it is not.

34.     Plaintiff's improper use of the "®" symbol with the "Billy Goat" moniker, and the other Billy Goat Tavern Marks, outside of Class 42 is knowing, willful, deliberate, and intentional, and performed to purposely misrepresent the products, falsely represent the nature, characteristics, and quality of such products and is designed to deceive or mislead the public into purchasing its products in the erroneous belief that the mark under which these products are sold is registered—all in an effort to give Billy Goat IP improper competitive advantages in the marketplace.

35.     Plaintiff's actions are false and misleading, and in violation of 15 U.S.C. §1125(a)(1)(A) and (B) of the Lanham Act.

36.     Plaintiff's sells its products in interstate commerce at Jewel-Osco locations, which, upon information and belief, is a supermarket chain with over 185 locations across three states, and is engaged in advertising and promotional efforts in interstate commerce in connection with the advertising and marketing of these products.

37.     Plaintiff's conduct is and has been deliberate, is intended to cause harm to Billy Goat Chip Co., and has caused and will continue to cause irreparable harm to Billy Goat Chip Co.

38.     Billy Goat Chip Co. has no adequate remedy at law and is suffering irreparable harm and damage as a result of Billy Goat IP's violation of the statute.  Unless enjoined, Plaintiff will continue its unlawful behaviors described herein, including but not limited to its misuse of the statutory registration symbol, and further injure Billy Goat Chip Co. in an amount to be determined at trial.

### COUNT II
### (Illinois Uniform Deceptive Trade Practices Act – 815 ILCS 510)

39.     Defendant realleges and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

40.     Section 510/2 of the Illinois Uniform Deceptive Trade Practices Act states that "[a] person engages in deceptive trade practice when, in the course of his or her business . . . the person:

> (2) cause likelihood of confusion or of misunderstanding as to the source . . . approval, or certification of goods or services;
>
> (4) uses deceptive representations or designations of geographic origin in connection with goods or services;
>
> (5) represents that goods or services have . . . approval . . . that they do not have; or
>
> (12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

*See* 815 ILCS 510/2.

41.     Billy Goat IP's branding of its products described herein falsely implies and creates the impression that these products originate from, were developed by, or were and are being created by the Billy Goat Tavern & Grill and have been for many years when, in fact, they do and are not.

21

42.     Billy Goat IP's use of a "®" symbol on its products outside of Class 42 makes an affirmative statement to consumers that these products possess a federally registered trademark approval, certification and protection that they, in fact, do not have.

43.     Billy Goat IP's use of the Billy Goat Tavern Marks, further falsely and deceptively communicate to consumers information about the origin, sponsorship, nature, characteristics and quality of such products, which the products, in fact, do not have.

44.     Billy Goat IP's actions constitute willful, deliberate, and intentional acts that are in violation of the Illinois Uniform Deceptive Trade Practices Act, and are causing and will continue to cause a likelihood of confusion and misunderstanding as to the origin, source, approval, and certification of its products—all of which gives Plaintiff an improper competitive advantage in the marketplace.

45.     Billy Goat IP's conduct has caused and will continue to cause irreparable harm and damage to Billy Goat Chip Co.  Defendant has no adequate remedy and, unless enjoined, Plaintiff will continue to further injure Billy Goat Chip Co. in an amount to be determined at trial.

## <u>COUNT III</u>
**(Illinois Consumer Fraud and Deceptive Business Practices Act – 815 ILCS 505/2)**

46.     Defendant realleges and incorporates herein by reference all preceding paragraphs as if fully set forth herein.

47.     Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act states that:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform

22

Deceptive Trade Practices Act" [815 ILCS 510/2], approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

*See* 815 ILCS 505/2.

48.     Billy Goat IP's branding of its products described herein falsely implies and creates the impression that these products originate from, were developed by, or were and are being created by the Billy Goat Tavern & Grill and have been for a number of years when, in fact, they do and are not.

49.     Billy Goat IP's use of a "®" symbol on its products outside of Class 42 makes an affirmative statement to consumers that these products possess a federally registered trademark approval, certification, and protection that they, in fact, do not have.

50.     Billy Goat IP's use of the Billy Goat Tavern Marks, further falsely and deceptively communicate to consumers information about the origin, sponsorship, nature, characteristics and quality of such products, which the products, in fact, do not have.

51.     Billy Goat IP's actions constitute willful, deliberate, and intentional acts that are in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, and are causing and will continue to cause a likelihood of confusion and misunderstanding as to the origin, source, approval, and certification of its products—all of which gives Plaintiff an improper competitive advantage in the marketplace.

52.     Billy Goat IP's conduct has caused and will continue to cause irreparable harm and damage to Billy Goat Chip Co.  Defendant has no adequate remedy and, unless enjoined, Plaintiff will continue to further injure Billy Goat Chip Co. in an amount to be determined at trial.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Defendant/Counter-Plaintiff The Billy Goat Chip Company LLC prays for judgment in its favor and against Plaintiff/Counter-Defendant Billy Goat IP LLC, as follows:

(a)     Dismissing the Complaint filed in this action by Plaintiff *with* prejudice;

(b)     Denying all relief requested by Plaintiff in the Complaint;

(c)     Preliminarily and permanently enjoining Plaintiff's false advertising and deceptive trade practices described herein, including but not limited to its use of the "®" symbol with the "Billy Goat" moniker and use of the other Billy Goat Tavern Marks in the marketing and on the packaging of its frozen hamburger and beer products;

(d)     Awarding damages to Defendant as a result of Plaintiff's false advertising and deceptive trade practices as outlined in the Counterclaim asserted herein;

(e)     Awarding Defendant its attorneys' fees and costs; and

(f)     Granting Defendant such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Defendant/Counter-Plaintiff The Billy Goat Chip Company LLC hereby requests a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated:  March 9, 2018                  Respectfully submitted,

                                       By:   */s/ Vladimir I. Arezina*
                                       One of the Attorneys for Defendant/Counter-Plaintiff,
                                       **THE BILLY GOAT CHIP COMPANY, LLC**

                                       Vladimir I. Arezina (ARDC No. 6276348)
                                       Sara A. Barnowski (ARDC No. 6326572)
                                       LATHROP GAGE LLP
                                       155 N. Wacker Drive
                                       Suite 3000
                                       Chicago, IL 60606

24

Telephone:  (312) 920-3300
Email:  varezina@lathropgage.com
Email:  sbarnowski@lathropgage.com

Luke M. Meriwether (*pro hac vice* pending)
Eric D. Sidler (*pro hac vice* pending)
LATHROP GAGE LLP
2345 Grand Blvd.
Suite 2200
Kansas City, MO  64108
Telephone:  (816) 292-2000
Email:  lmeriwether@lathropgage.com
Email:  esidler@lathropgage.com

## <u>CERTIFICATE OF SERVICE</u>

 The undersigned attorney hereby certifies that on **<u>March 9, 2018</u>**, a copy of the foregoing document was filed electronically through the Court's Electronic Case Filing (ECF) System, and service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's ECF System on this date.

     */s/ Vladimir I. Arezina*
     Vladimir I. Arezina


     One of the Attorneys for Defendant/Counter-Plaintiff,
     **THE BILLY GOAT CHIP COMPANY, LLC**