**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

BILLY GOAT IP LLC,

      Plaintiff,

      v.

THE BILLY GOAT CHIP COMPANY LLC,

      Defendant.

_____

THE BILLY GOAT CHIP COMPANY LLC,

      Counter-Plaintiff,

      v.

BILLY GOAT IP LLC,

      Counter-Defendant.

No.  17-cv-9154

**JURY TRIAL DEMANDED**

Judge Robert M. Dow

Magistrate Judge M. David Weisman

**AMENDED AGREED PROTECTIVE ORDER**

The parties to this Amended Agreed Protective Order have agreed to the terms of this Order; accordingly, the Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

    1.    <u>Findings:</u> The Court finds that discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

    2.    <u>Scope:</u> All materials produced or adduced by the parties or third parties in the course of discovery in this case, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively

"document(s)"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

      3.      <u>Definitions</u>:

      a.      "Party" means a named party in this case, or a third party producing discovery in this case pursuant to a subpoena or other discovery request. "Person" means an individual or an entity. "Producing Party" means the party who produces information via the discovery process in this case. "Receiving Party" means the party receiving information via the discovery process in this case. "Designating Party" means a named party in this case who redesignates information produced by a Producing Party as confidential or confidential – attorneys eyes only in accordance with Paragraph 4(e) of this Order.

      b.      "Confidential Information" shall refer to non-public or proprietary technical, financial, business, health, or medical information designated as such by the Producing Party or a Designating Party. As used in this Order, "Confidential Information" means information designated as either "CONFIDENTIAL – ATTORNEYS EYES ONLY" or "CONFIDENTIAL". The term "CONFIDENTIAL – ATTORNEYS EYES ONLY" may be used only for the following types of past, current, or future Confidential Information the disclosure of which to non-qualified people subject to the Agreed Protective Order the Producing Party reasonably and in good faith believes would likely cause competitive harm: (1) sensitive technical information, including current research, development and manufacturing information; (2) sensitive business information, including highly sensitive financial, marketing, or licensing information and the identity of suppliers, distributors, licensees or potential/actual customers; (3) competitive technical information, including technical analysis or comparisons of competitor's products; and (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product

planning. The term "CONFIDENTIAL" shall refer to all other confidential information not designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" that falls into one or more of the following categories: (1) information prohibited from disclosure by statute; (2) research, technical, commercial or financial information that the party has maintained as confidential; (3) medical information concerning any individual; (4) personal identity information; (5) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (6) personnel or employment records of a person who is not a party to the case.

c.      Information is not "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" if it is disclosed in a printed publication, is known to the public, was known to the recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" if a person lawfully obtained it independently of this litigation.

4.      Designation of information as Confidential or Confidential – Attorneys Eyes Only:

a.      The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this Order.[1]

b.      Documents.   A person, Producing Party or Designating Party designates or redesignates information in a document or thing as Confidential Information by (i) clearly and prominently marking it on its face as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party.  By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

EYES ONLY,." and (ii) clearly and prominently marking on its face the identification of the party making such confidentiality designation (or an appropriate abbreviation or acronym thereof). With respect to the current named parties in this case, when acting as a Designating Party, Plaintiff shall use the marking "Billy Goat" and Defendant shall use the marking "TBGCC". Nothing in this Paragraph 4(b) requires a third party Producing Party to re-mark or reproduce documents or materials already produced and designated in this action (although the named parties shall cooperate to add an identifier of the Producing Party for any confidentiality designations it has made, and the Designating Party for any confidentiality redesignations it has made, as required by this Paragraph 4(b)(ii), to such third party previously produced documents, and recirculate the same among themselves, within seven (7) days after entry of this Amended Protective Order. A Producing Party may make documents or things containing Confidential Information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producing Party causes copies of the documents or things to be marked as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" before providing them to the Receiving Party. Any copies that are made of any documents marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not otherwise disclose the substance of the Confidential Information are not required to be marked.

        c.      <u>Depositions</u>.   Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" until the expiration of the following: No later than the fourteenth day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential

Information and the specific designation, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

   d.  Third Parties.  A third party acting as a Producing Party may designate documents or other materials produced by that third party as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" by either (i) providing written notice to all named parties that it wishes to have the document or other material treated as such, or (ii) applying an appropriate marking to the document or other materials it produces in accordance with Section 4(b) herein.  A copy of this order shall accompany any subpoena served in this litigation.

   e.  Redesignation by a Designating Party.  If a third party produces documents or other materials that a named party in this case believes contain or reflect the Confidential Information of such named party, and such named party disagrees with the confidentiality designations or lack thereof made by the third party, the named party, within fourteen (14) days of such named party's receipt of such third party documents or other materials,  may act as a Designating Party to re-designate such materials as follows:  by (i) adding such Designating Party's redesignations to such documents or other materials in accordance with Section 4(b) herein, and (ii) providing written notice thereof and copies of the redesignated documents or other materials to the other named parties in this case and to the third party that produced such documents or other materials.  In adding its own designations to any third-party produced documents, no Designating Party shall remove or otherwise alter the designations applied by the producing third party.  Following such notification and production of redesignated documents or other materials by the Designating Party, and subject to Paragraph 11 of this Order, the named parties in this case must make a reasonable effort to assure that such redesignated documents or other materials are treated in accordance with the provisions of

this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or prior to any redesignation by a Designating Party as provided herein, even where the failure to so designate was inadvertent and where the material is subsequently designated or redesignated as Confidential Information. The 14-day time limitation referenced above shall not apply to documents already redesignated by Plaintiff prior to entry of this Amended Agreed Protective Order, but the provisions of Paragraph 11 shall apply to such documents.

        5.       <u>Use and disclosure of Confidential Information:</u>

        a.       Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

        b.       Absent written permission from the Producing Party or further order by the Court, the recipient may not disclose "CONFIDENTIAL" information to any person other than the following: (i) a party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) a party's in-house counsel; (iii) no more than two (2) of a party's agents (officers, directors, and/or employees) directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case; (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 5(d) of this order, experts and consultants and their staff whom a party employs for purposes of this litigation only; (vi) the Court and personnel assisting the Court; and (vii) persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits and demonstrations; organizing, storing, retrieving data in any form or medium; jury or trial consultants retained in connection with this litigation, including any research panelists retained by the consultant; etc.) and their employees and subcontractors,

(viii) persons to whom the information was disclosed previously, including the author or recipient of such information.

   c.     Absent written permission from the Producing Party or further order by the Court, the recipient may not disclose "CONFIDENTIAL – ATTORNEYS EYES ONLY" information to any person other than those identified in paragraph 5(b)(i), (iv), (v), (vi), (vii) and (viii).

   d.     A party may not disclose "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" information to an expert or consultant pursuant to paragraph 5(b) or 5(c) of this order until after the expert or consultant has signed an undertaking in the form of Appendix 1 to this Order.

   e.     Notwithstanding paragraph 5(b) and (c), a Receiving Party may disclose "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" information to: (i) any employee or author of the Producing Party; (ii) any person, no longer affiliated with the Producing Party, who authored the information in whole or in part; and (iii) any person who received the information before this case was filed.  Nothing contained herein shall be construed to limit the Producing Party or Producing Party's witness from using its own Confidential Information in any manner than it may so choose.

   f.     A party who wishes to disclose Confidential Information to a person not authorized under paragraph 5(b) or 5(c) must first make a reasonable attempt to obtain the Producing Party's permission. If the party is unable to obtain permission, it may move the Court to obtain permission.

   6.     Control of Documents:  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one year after the termination of the case.

   7.     Disclosure of Privileged Material:

a.      The production or disclosure of material protected from discovery by the attorney-client privilege, work product doctrine, or other protection or immunity shall not be deemed a waiver of the privilege, protection, or immunity by the Producing Party in this or any other state or federal proceeding pursuant to Federal Rule of Evidence 502 regardless of the circumstances of disclosure. This Order shall provide the maximum protection allowed by Federal Rule of Evidence 502(d).

b.      If a Producing Party produces or discloses material that it believes is protected from discovery by the attorney-client privilege, work product doctrine, or other protection or immunity, the Producing Party may give written notice to the Receiving Party that the material is so protected and that return of the material is requested. The Receiving Party shall return to the Producing Party the material claimed to be protected within seven days of receipt of such written notice, unless the Receiving Party elects to challenge the privileged or protected nature of the material according to the procedure specified in paragraph 7(c).

c.      The Receiving Party that elects to challenge the privileged or protected nature of the material claimed by the Producing Party to be protected from discovery by the attorney-client privilege, work product doctrine, or other protection or immunity may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The motion must be filed and served within seven days of receipt of the written notice specified in paragraph 7(b). While such motion is pending, the Receiving Party shall not use or disclose the challenged material or the contents thereof.

8.      <u>Inadvertent Failure to Designate</u>: An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving

party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

9. <u>Filing Confidential Information with the Court:</u>

This protective order does not, by itself, authorize the filing of any document under seal. No document may be filed under seal without prior leave of the Court. A party wishing to file under seal a document containing Confidential Information must move the Court, consistent with Local Rule 26.2(b) and prior to the due date for the document, for permission to file the document under seal. If a party obtains permission to file a document under seal, it must also (unless excused by the Court) file a public-record version that excludes any Confidential Information.

10. <u>No Greater Protection of Specific Documents</u>: Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order.

11. <u>Challenges by a Party to Designation as Confidential Information</u>. The designation or redesignation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

a. Meet and Confer. A party challenging the designation or redesignation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party (either the Producing Party with respect to its designations, or the Designating Party with respect to its redesignations). In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation,

and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

b.      Judicial Intervention Regarding Documents Designated as Confidential Information by a Producing Party. A party that elects to challenge a confidentiality designation made by the Producing Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party which must likewise set forth in detail the basis for the claim that the material is properly designated. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

c.      Judicial Intervention Regarding Documents Designated as Confidential Information by a Designating Party.  With respect to any disputes over redesignations made by a Designating Party under Paragraph 4(e) of this Order, the Designating Party shall provide reasonable advance written notice to the Producing Party of the date, time and location of the meet and confer required by Paragraph 11(a), to allow such Producing Party an opportunity to participate and be heard.  If the meet and confer in Paragraph 11(a) of this Order does not resolve the dispute with respect to a document or other material redesignated as Confidential Information by a Designating Party under Paragraph 4(e) of this Order, and the Designating Party wishes such document or other material to continue to be treated as so redesignated, within ten (10) days of such meet and confer, the Designating Party shall file and serve a motion that identifies the challenged material and sets forth in detail the basis for the Designating Party's confidentiality redesignation(s). Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of Paragraph 11 (a) of this Order. A copy of any such motion and any

notice of motion related thereto shall be served upon the Producing Party. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order. If no such motion is filed within such ten (10) day period following the meet and confer, all parties shall be entitled to use the subject documents and materials as produced by the Producing Party, in accordance with this Order.

12.     Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13.     Use of Confidential Information at Trial. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

14.     Confidential Information Subpoenaed or Ordered Produced in other Litigation:

a.     If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the Receiving Party must so notify the Producing Party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.     The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c.      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Producing Party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The Producing Party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

15.      Challenges by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16.      Obligations on Conclusion of Litigation.

a.      Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.      Obligations at Conclusion of Litigation.  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" under this Order, including copies as defined in ¶ 4(b), shall be returned to the Producing Party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties

agree to destruction to the extent practicable in lieu of return;[2] or (3) as to documents bearing the notations, summations, or other mental impressions of the Receiving Party, that party elects to destroy the documents and certifies to the Producing Party that it has done so.

c.      Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

d.      Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

17.     <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18.     <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the

---

[2] The parties may choose to agree that the Receiving Party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the Receiving Party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific

document or issue.

       19.     <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon

all counsel of record and their law firms, the parties, and persons made subject to this Order by its

terms.

       So Ordered.

Dated: 10/9/18

*M. David Weisman*

       _____

       M. David Weisman
       U.S. Magistrate Court Judge

| | |
|---|---|
| WE SO MOVE<br>and agree to abide  by the<br>terms  of this  Order | WE SO MOVE<br>and agree to abide  by  the<br>terms  of  this  Order |
| */s/  Michael A. Parks*<br>Signature | */s/  Vladimir I. Arezina*<br>Signature |
| <u>Michael. A. Parks</u><br>Printed Name | <u>Vladimir I. Arezina</u><br>Printed Name |
| Counsel for:  Billy Goat IP LLC | Counsel  for:   The  Billy  Goat  Chip  Company<br>LLC |
| Dated: 10/04 /18 | Dated: 10/04/18 |

**APPENDIX 1**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BILLY GOAT IP LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-CV-09154 |
| | ) | |
| THE BILLY GOAT CHIP COMPANY LLC, | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ACKNOWLEDGMENT AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____     _____

Signature