IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BILLY GOAT IP LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE BILLY GOAT CHIP COMPANY LLC,<br><br>    Defendant. | No.   17-cv-9154<br><br>Judge Robert M. Dow, Jr.<br><br>Magistrate Judge M. David Weisman<br><br>**JURY TRIAL DEMANDED** |
| THE BILLY GOAT CHIP COMPANY LLC,<br><br>    Counter-Plaintiff,<br><br>v.<br><br>BILLY GOAT IP LLC,<br><br>    Counter-Defendant. | |

**PLAINTIFF'S MOTION TO UPHOLD PLAINTIFF'S REDESIGNATIONS OF THIRD PARTY-PRODUCED DOCUMENTS UNDER AMENDED PROTECTIVE ORDER**

    Plaintiff Billy Goat IP LLC moves pursuant to Paragraph 11 of the Amended Agreed Protective Order for an Order upholding the confidentiality designations it has made to certain documents produced by third parties in response to Defendant's subpoenas. These third parties produced documents that include financial information directly related to Plaintiff's trademark licensing program. Accordingly, Plaintiff redesignated these documents as "CONFIDENTIAL ATTORNEYS EYES ONLY" pursuant to Paragraph 4(e) of the Amended Agreed Protective Order. Defendant contests these redesignations and argues the information is not entitled to confidential treatment. For the reasons below, this Court should grant Plaintiff's motion and uphold its confidentiality redesignations.

**Factual Background and Meet and Confer Declaration**

This motion relates to three sets of documents produced by third parties Baderbrau LLC and New Albertson d/b/a/ Jewel, in response to Defendant's subpoenas.[1] Baderbrau was the brewer of beer sold at retail and elsewhere under Plaintiff's BILLY GOAT mark, and Jewel sells BILLY GOAT burgers and has sold BILLY GOAT beer at its grocery stores. The three sets of documents at issue produced by Baderbrau or Jewel contain sensitive financial information of Plaintiff, including information relating to sales trends and/or quantities of good sold under the BILLY GOAT mark and Plaintiff's licensing program. Accordingly, pursuant to Paragraph 4(e) of the Amended Agreed Protective Order, Plaintiff designated these documents as "CONFIDENTIAL ATTORNEYS EYES ONLY." Defendant challenged these designations, and the parties held a meet and confer on October 22, 2018, but were unable to resolve their dispute.

**Argument**

Paragraph 3(b) of the Amended Agreed Protective Order defines "Confidential Information" as including "**non-public or proprietary** technical, **financial**, **business**, health, or medical information . . ." (emphases added). (Dkt Entry. No. 60, ¶3(b)). It defines "CONFIDENTIAL – ATTORNEYS EYES ONLY" information as including any Confidential Information that the designating party "in good faith believes [the disclosure of which] would likely cause competitive harm." (*Id.*) The Amended Agreed Protective Order provides several examples of such information, including, but not limited to "sensitive business information, including highly sensitive **financial**, **marketing**, or **licensing** information and the **identity of suppliers, distributors, licensees or potential/actual customers**..." (*Id.*, emphases added).

---

[1] Courtesy copies of these documents have been delivered to the Court as requested at the last status hearing (see Dkt Entry No. 61).

2

There is no requirement that the designating party actually prove disclosure of the underlying information would cause competitive harm in order to have the information treated as "confidential – attorneys' eyes only." All that is required is the designating party's good faith belief.

The three sets of documents at issue here – BADERBRAU 000001 – 3, NEW ALBERTSON 000002 – 7, and NEW ALBERTSON 000025 – 31 – fall squarely within the Amended Agreed Protective Order's definition of "CONFIDENTIAL – ATTORNEYS EYES ONLY" information. For example:

- BADERBRAU 000001 – 3 disclose sales quantities, wholesale price information, and total volume summaries for Plaintiff's licensed beers since 2017—sold under Plaintiff's licensee with Baderbrau LLC.

- NEW ALBERTSON 000002 – 7 and NEW ALBERTSON 000025 - 31 disclose sales quantities, sales trends, and wholesale price information for Plaintiff's licensed retail burgers and beer between 2017 and 2018—including information broken down by sales districts, individual stores, and other non-public subcategories that are highly sensitive to Plaintiff.

These documents are exactly the types of documents that the CONFIDENTIAL – ATTORNEYS EYES ONLY designation was meant to include. They contain highly sensitive financial and business information related to Plaintiff's licensing program such as sales quantities and sales trends. They do not reflect stale data, but instead reflect current financial data. This is the precise type of information that is undoubtedly entitled to the highest level of protection. *See Fieldturf Intern., Inc., Fieldturf, Inc. v. Triexe Management Grp., Inc.,* 2004 WL 866494, at *3 (N.D. Ill. April 16, 2004) (recognizing that disclosure of financial information to a competitor may cause great harm to the party and that the "confidential attorneys eyes only" designation strikes a proper balance between one party's right to discovery and the other's confidentiality interests).

Plaintiff does not want Defendant's business people, or any other competitor or member of the public, to know Plaintiff's sales trends, sales quantities or other financial information.

On the meet and confer on this dispute, Defendant argued these documents should not be protected under the Agreed Protective Order because (1) the information is not Plaintiff's confidential information, but instead that of the subpoenaed third parties or of Plaintiff's related Billy Goat Tavern entities and/or (2) the information is not confidential because some of the information contained in the documents allegedly is publicly available. Defendant is wrong.

First, each of the challenged documents contains information directly related to the sales volumes or sales trends of Plaintiff's licensed retail products. As the licensing entity for the BILLY GOAT mark for the sale of these retail products, as well as the entity in charge of the entire BILLY GOAT licensing program, Plaintiff undoubtedly has a right to protect the confidentiality of this type of financial information.

Second, Defendant's argument that the documents contain public information is misguided. For example, Defendant argues that NEW ALBERTSON 000002 – 7 and NEW ALBERTSON 000025 – 31 contain nothing more than the retail price for Plaintiff's licensed goods, which is publicly available to any retail consumer that visits the store. This is an incorrect reading of these documents, as they contain far more detail, including a detailed breakdown of sales by particular store, average weekly sales, sales trends, and sales by particular product. This type of information is not available to the public and contains highly sensitive financial/business information related to Plaintiff's licensed retail products and their sales trends.

Plaintiff has attached as Exhibit A the Declaration of Bill Sianis. Mr. Sianis is a member of Plaintiff. His Declaration confirms and reiterates Plaintiff's good faith belief that disclosure

of these documents to Defendant's business people, or any other competitor or member of the public, would cause competitive harm to Plaintiff.

## Conclusion

For the foregoing reasons, there is no legitimate basis for Defendant to contest the "confidential – attorneys' eyes only" designations Plaintiff has ascribed to these documents. Accordingly, Plaintiff respectfully requests that the Court uphold its redesignations of third—party produced documents BADERBRAU 000001 – 3, NEW ALBERTSON 000002 – 7, and NEW ALBERTSON 000025 – 31 as CONFIDENTIAL – ATTORNEYS EYES ONLY under the Amended Agreed Protective Order.

Dated: November 1, 2018　　　　　　　　　Respectfully submitted,

By: /s/ Michael A. Parks
Michael A. Parks. IL 6217230
Justin Powers Mulligan, IL 6319388
THOMPSON COBURN LLP
55 E. Monroe Street, 37th Floor
Chicago, IL 60603
P: (312) 346-7500
F: (312) 580-2201
mparks@thompsoncoburn.com
jmulligan@thompsoncoburn.com

Jared S. Manse, N.D. Ill. 63058(MO)
One US Bank Plaza
St. Louis, Missouri 63101
P: (314) 552-6000
F: (314) 552-7000
jmanse@thompsoncoburn.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed electronically on November 1, 2018 with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all registered counsel of record. Moreover, pursuant to Paragraph 11(c) of the Amended Agreed Protective Order, a copy of this motion shall be served on the third parties that produced the challenged documents.

Baderbrau LLC
c/o Registered Agent: Steven L. Baerson
1 N. Lasalle St., Suite 1350
Chicago, IL 60602

New Albertson's, Inc.
c/o Registered Agent: CT Corporation System
208 S. Lasalle St., Suite 814
Chicago, IL 60604

                                                     */s/ Michael A. Parks*